constitute murder in the first degree; and deliberation and premeditation, when necessary to constitute murder in the first degree, shall be evidenced by poisoning, lying in wait, or some other proof that the design was formed and matured in cool blood, and not hastily, upon the occasion. Deliberation is that act of the mind which examines and considers whether a contemplated act should or should not be done. Premeditation is when the intention to do an act has been formed before the attempt to execute it.

Therefore, gentlemen, if you find that the prisoner committed this crime purposely, and of deliberate and premeditated malice, and that the malice is shown by other evidence than the mere proof of the killing, and that the deliberation and premeditation are shown by proof that the design was formed and matured in cool blood, and not hastily, upon the occasion; as if by poisoning or lying in wait, you will find the prisoner guilty of murder in the first degree. If you find that the prisoner committed this crime purposely and maliciously, but without deliberation and premeditation, you will find him guilty of murder in the second degree. If you find that the prisoner committed this crime without malice, express or implied, and without deliberation, but upon a sudden heat of passion, caused by provocation apparently sufficient to make the passion irresistible, you will find him guilty of manslaughter. If you find, gentlemen, that the deceased did not come to her death within the time above stated at the hands of the prisoner, you will find a verdict of not guilty. If you have any reasonable doubt as to the guilt of the prisoner, or to any of the elements that constitute murder in the first degree, you will find him not guilty of murder in the first degree; and if you have any reasonable doubt as to any of the elements that constitute murder in the second degree, you will find him not guilty of murder in the second degree; and if you have any reasonable doubt as to any of the elements that constitute manslaughter, you will find him not guilty of manslaughter. In other words, gentlemen, the prisoner is entitled to the benefit of any reasonable doubt as to any of the elements that constitute any of the crimes above named.

In the event of your agreeing upon a conviction of the prisoner, you will state, in your verdict, if he is guilty of murder in the first degree, murder in the second degree, or guilty of manslaughter. If he be not guilty of any of the offenses mentioned, your verdict will be not guilty. In determining the credibility of witnesses, you can take into consideration their appearance and deportment when testifying, the probability of the truth of their statements, independently of or in connection with other evidence adduced, their friendly or hostile feelings toward the prisoner, to what extent they are contradicted, as well as their means of knowledge, and you can judge of and test their credibility according to your best knowledge of the laws governing human action. You will carefully consider all the circumstances of the case as detailed in the evidence, and apply to them the principles of law I have given to you. Your deliberations should be calm and serious, and you should not be influenced by prejudice or passion. The case is submitted to your careful deliberation.

[NOTE. The jury returned a verdict that the prisoner was guilty of manslaughter, and he was accordingly sentenced by the court to 10 years' imprisonment and a fine of $100. The case was taken to the circuit court on a writ of error, and this court was directed to allow the plaintiff to move for a new trial, which motion must be granted if it should appear that Kie was not present at the trial, but otherwise to deny the motion, and give judgment against him. 27 Fed. 351.]

---

## Case No. 15,529.

UNITED STATES v. KIERMAN.

[3 Cranch, C. C. 435.] [1]

Circuit Court, District of Columbia. May Term, 1829.

### ASSAULT—POINTING GUN.

Cocking and raising a gun and threatening to shoot a person is an assault in law, although there should be no attempt to shoot or injure the person.

Indictment [of Hugh Kierman] for an assault, by cocking a gun and threatening to shoot Henry Jackson.

Mr. Coxe, for the defendant, prayed the court to instruct the jury that it was not an assault in law, unless there was an attempt to shoot or injure the witness.

THE COURT (nem. con.) said that if, under all the circumstances, the act indicated an intention to shoot or injure the witness, it was an assault, although the attempt was not actually made.

---

## Case No. 15,530.

UNITED STATES v. KIMBALL.

[Cited in U. S. v. Jarvis, Case No. 15,469. Nowhere reported; opinion not now accessible.]

---

## Case No. 15,531.

UNITED STATES v. KIMBALL.

[7 Law Rep. 32; 1 West. Law J. 399.]

District Court, D. Massachusetts. April 8, 1844.

OFFENCES AGAINST POSTAL LAWS—STEAMBOAT OR RAILROAD PASSENGER CARRYING LETTER.

1. If a passenger in a railroad car or steamboat carry a letter without the knowledge or consent of the owner of the car or steamboat, or any of his agents or servants, such owner is not liable to the penalty provided by the act of congress of 1825, § 19 [4 Stat. 107].

---

[1] [Reported by Hon. William Cranch, Chief Judge.]